UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

                                                          **MEMORANDUM & ORDER**
  -against-                                                      11-CV-04633 (RRM)(RLM)


FRANCOISE SAMEDY,

                Defendant.
------------------------------------------------------------X
**ROSLYNN R. MAUSKOPF, United States District Judge.**

      On September 23, 2011, plaintiff United States of America brought this action for the recovery of defaulted student loans against defendant Francoise Samedy. (Doc. No. 1.) On November 16, 2011, plaintiff requested a certificate of default, affirming that defendant had failed to appear, plead or otherwise defendant the action. (Doc. No. 4.) On November 17, 2011, the Clerk of Court entered a notation of default pursuant to Federal Rule of Civil Procedure 55(a). (Doc. No. 5.)

      On November 18, 2011, plaintiff filed a motion for default judgment for the amount set forth in the complaint, together with interests and costs. (Doc. No. 6.) By Order dated April 9, 2012, this Court denied plaintiff's motion for default judgment. As discussed more fully below, the Court found that "plaintiff has not sufficiently established proof of service on the debtor," since the summons was left at an address different from the one listed in the Certificate of Indebtedness attached to the plaintiff's complaint. (*See* April 9, 2012, Order.) The Court ordered plaintiff to "properly serve defendant" pursuant to Federal Rule of Civil Procedure 4 and "file proof of service with the Court" within 14 days. (*Id.*)

      Instead of re-serving plaintiff, on April 20, 2012, plaintiff submitted a letter motion for reconsideration. (Doc. No. 7.) For the reasons set forth below, the motion for reconsideration is DENIED, and this action is DISMISSED without prejudice.

1

# DISCUSSION

Motions for reconsideration are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir. 1983). In general, "[t]he standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (citation omitted). Reconsideration is justified upon "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,* 956 F.2d 1245, 1255 (2d Cir. 1992) (citation omitted). A court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.,* 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). Accordingly, reconsideration motions should not be granted where the moving party seeks solely to re-litigate an issue already decided. *In re Houbigant, Inc.,* 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (finding a motion for reconsideration is not "to reargue those issues already considered when a party does not like the way the original motion was resolved").

The Federal Rules of Civil Procedure allow parties to serve summons by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e). Alternatively, Rule 4(e) allows service by "following state law for serving a summons . . . in the state where the district court is located or where service is made." New York law allows service "by delivering the summons within the state to a person of suitable age and discretion at the actual place of

business, dwelling place or usual place of abode of the person to be served and . . . mailing the summons to the person to be served at his or her last known residence . . . ." N.Y. C.P.L.R. § 308(2).

A plaintiff is responsible to make a diligent good faith effort to ascertain the proper address for service of process. *See Community General Hospital v. Baker*, 402 N.Y.S. 536, 537 (Sullivan Cnty. Ct. 1978) ("While the statute does not require an exhaustive investigation to be made by plaintiff, something more than using an old address plaintiff may have for a defendant should be required."); *see also Lukash v. O'Connell*, 526 N.Y.S.2d 290 (N.Y. App. Div. 1988).

As noted in its Order of April 19, 2012, the Certificate of Indebtedness appended to the Complaint lists defendant's address as 284 E. 31st Street, Apt. 1A, Brooklyn, NY 11226 ("the 284 address"). In contrast, the affidavit of service (Doc. No. 3) indicates that the summons was left with someone who identified herself as Guirlene Samedy, defendant's daughter, at 285 E. 31st Street, Brooklyn, NY 11226 ("the 285 address"). Moreover, the affidavit of service reads: "Said premises is *recipient's*: . . . [x]dwelling house (usual place of abode) within the state." (Doc. No. 3) (emphasis added). A plain reading of the affidavit suggests the place of service was the *recipient's* residence, not *defendant's* dwelling or residence. Thus, the affidavit of service itself fails to establish proper service. *Cf. Old Republic Ins. Co. V. Pac. Fin. Services of Am., Inc.*, 301 F.3d 54, 57 (2d Cir. 2002) ("In New York, a process server's affidavit of service establishes a prima facie case of the account of the method of service, and thus, in the absence of contrary facts, we presume that [the defendant] was properly served with the complaint.").

Nothing in the record indicates that Guirlene Samedy told the process server that her mother – Francoise Samedy, the defendant herein – lives with her at the location of service. And plaintiff has not submitted an affidavit from the process server in support of its motion for reconsideration. Instead, plaintiff submitted an affidavit from Olga Martsenyuk, a paralegal in

the office of plaintiff's counsel, recounting efforts she made to locate defendant's home address.[1] (Pl.'s Mot. for Recons. Ex. 1 ("Aff.") (Doc. No. 7-1) at ¶ 3). Despite these additional facts, and for the reasons set forth below, the Court finds that the service made here did not meet the requisites of Rule 4, as plaintiff has still failed to establish that the place served was the defendant's "dwelling place or usual place of abode" or "last known residence." *See* Rule 4; CPLR 308(2); *see also Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 440 (S.D.N.Y. 2012) (plaintiff bears the burden of establishing a *prima facie* case for the validity of service through specific factual allegations and any supporting materials.).

According to Ms. Martsenyuk, prior to filing the complaint, her office consulted an unidentified proprietary database in an attempt to locate the proper address for service.[2] She avers that the database "showed that from December 1990 through August 2011, Ms. Samedy resided at [the 285 address]." (Aff. at ¶ 3.)[3] She also acknowledges that the database "shows Defendant's address as [the 284 address]" and that "at some point Ms. Samedy did reside at that address, as it also appears as a prior address in our proprietary database search." (Aff. at ¶ 4.) Service was made at the 285 address.

Also appended to the Martsenyuk affidavit is a document entitled Application and Promissory Note. As discussed more fully below, in contrast to the Certificate of Indebtedness for the loan, that document lists the 285 address, and references both defendant, and her daughter, listed therein by the name "Guirlene Dossous."

The affidavit further explains that, since service was ostensibly made, and following the Court's Order of April 9, 2012, Ms. Martsenyuk located an owner of the property at the 284

---

[1] Plaintiff's submission of an affidavit is improper under Local Civil Rule 6.3. However, the Court will exercise its discretion to review the affidavit. *See Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.").
[2] This evidence is hearsay. Moreover, plaintiff does not append to Ms. Martsenyuk's affidavit the actual results of these database searches.
[3] The Court notes that Ms. Martsenyuk is less than precise with her repeated use of "Ms. Samedy" thoughout her affidavit. There are several instances in which her affidavit is wholly ambiguous as to whether the reference is to *Francoise* Samedy, or her daughter *Guirlene* Samedy. This is but one example.

address, and left several messages, but never received a response. (Aff. ¶ 6.)[4] Ms. Martsenyuk also attempted several times to get in touch with defendant's daughter, with whom the summons and complaint had been left at the 285 address, and on whose behalf the loan was originally guaranteed. (*Id.* at ¶ 7.) Without specifying the source, Ms. Martsenyuk states that "it appears that *[defendant's] daughter* "still resides at 285 E. 31st Street, Brooklyn, New York 11226", and that Ms. Martsenyuk located a telephone number for the daughter at that location. (*Id.*) (emphasis added). After several phone calls to that number, Ms. Martsenyuk ultimately spoke with a woman who identified herself as "Sanja," who identified herself as "Ms. Samedy's niece." (*Id.* at ¶ 8.) When asked if "Ms. Samedy was living at [the 285 address], she [Sanja] said yes but did not put her on the phone, promising that Defendant's daughter again would contact our office, which has not occurred." (*Id.*) Based on these facts, plaintiff argues that defendant was properly served and that any attempt to serve defendant at the previous address on the Certificate of Indebtedness would be futile. (*Id.* at ¶ 9.) The Court disagrees.

At best, and considering the information provided by Ms. Martsenyuk, plaintiff has clearly established that *Guirlene* Samedy lives at the 285 address, the location at which service was made. The process server found her at that address, and Ms. Martsenyuk located a phone number for Guirlene there. However, the record is wholly ambiguous as to where the Defendant in this action, *Francoise* Samedy, lives for purposes of Rule 4. Even by plaintiff's own affidavit, it is undisputed that the Defendant lived at *both* the 284 and 285 addresses. The proprietary database search, if accurate, corroborates that fact. Moreover, the loan documents submitted by plaintiff list *both* addresses: the Certificate of Indebtedness, containing only defendant's name, lists the 284 address, while the Loan Application and Promissory Note, containing the names of both Francoise as borrower and Guirlene as student, lists the 285 address. In addition, the Loan Application and Promissory Note list as references two individuals whose relationship to the

---

[4] Again, the affidavit does not specify the source of this information. Moreover, the 284 address appears to be a multiple-family dwelling, and the 285 address, across the street, is a house.

parties, if any, are unknown: Marie Xavier at the 284 address and Marcel J. Samedy at the 285 address. As to Francoise Samedy, the record, at best, shows connections to both premises.

Ms. Martsenyuk's efforts to corroborate defendant's address do not clarify things much, if at all. Indeed, those efforts further underscore the ambiguity with regard to defendant's residence at the time service was purportedly effected. Though Ms. Marsenuyk attempted to reach "an owner" of the 284 address, it is unclear whether she identified an "owner" of the multi-family dwelling, or that of Apartment 1A, the apartment listed for defendant on the Certificate of Indebtedness. Nonetheless, those efforts yielded no additional information. Similarly, her attempts to contact the recipient of the summons and complaint, Guirlene Samedy, failed. And even her conversations with "Sanja," ostensibly a relative of the Samedy family, sheds no light on the issue at hand. As she writes in her affidavit, Ms. Martsenyuk "asked Sanja if Ms. Samedy was living at [the 285 address] and was there right now, she said yes but did not put her on the phone, promising that Defendant's daughter again would contact our office, which has not occurred." From the question posed, and the answer given, the Court cannot determine 1) whether the affirmative "yes" meant that "Ms. Samedy" was living at that house, present at the house at that moment, or both, or 2) to which "Ms. Samedy – Francoise or Guirlene – Sanja was referring. Indeed, throughout her affidavit, Ms. Martsenyuk repeatedly makes reference to "Ms. Samedy," without making clear to which she is referring.

Simply put, there is ample evidence that defendant has contacts to *both* the 284 and 285 addresses, and the supplemental material provided on reconsideration does nothing to establish that the summons and complaint was served on defendant her "dwelling place or usual place of abode," and mailed to defendant's "last known residence." *See* Rule 4; CPLR 308(2). As such, plaintiff has failed to meet its burden of making a *prima facie* case of proper service through specific factual allegations and any supporting materials. *See Sikhs for Justice v. Nath*, 850 F. Supp. 2d at 440.

## CONCLUSION

Accordingly, it is hereby ORDERED that plaintiff's motion for reconsideration is DENIED, and this action is DISMISSED without prejudice

SO ORDERED.

Dated: Brooklyn, New York  
       March 8, 2013

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF  
United States District Judge